UNITED STATES of America,
Appellee,

v.

Jose Alfredo MARTINEZ,
Defendant–Appellant.

No. 00–1437.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2001.

Joseph A. Bondy, N.Y., NY, for appellant.

David C. Esseks, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present KEARSE, LEVAL and KATZMANN, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Jose Alfredo Martinez appeals from a judgment of the United States District Court for the Southern District of New York, Harold Baer, Jr., *Judge*, resentencing him following a second remand, *see United States v. Martinez*, 207 F.3d 133, 139 (2d Cir.2000) ("*Martinez II* "); *see also United States v. Martinez*, No. 98–1316 (2d Cir. Feb. 26, 1999) ("*Martinez I* "). The district court, declining to grant a downward departure in light of the remand, sentenced Martinez principally to 151 months' imprisonment, to be followed by a five-year term of supervised release. On appeal, Martinez contends that the district court misinterpreted the scope of this Court's remand and that the district court was free to consider other bases for departure. We disagree and affirm the judgment.

In *Martinez I*, this Court affirmed Martinez's conviction and rejected all of his appellate contentions except one; the exception was our remand to allow the district court to reconsider, in light of our then-recent decision in *Zecevic v. United States Parole Commission*, 163 F.3d 731 (2d Cir.1998), whether to grant a downward departure on the basis that Martinez's criminal activity may have been a single act of aberrant behavior. *Martinez I* at 7. In *Martinez II*, describing that remand as a "narrow mandate," 207 F.3d at 136, we reviewed the downward departure granted by the district court following *Martinez I* and concluded that the departure was not available to Martinez under the standard set in *Zecevic*, *see Martinez II*, 207 F.3d at 137–39. Accordingly, we vacated the portion of the district court's sentence that granted a downward departure for aberrant behavior. We discussed other factors that might have been considered by the court in determining the applicability of *Zecevic* and found that "none of the additional factors invoked by Martinez justify a downward departure for aberrant behavior under *Zecevic* in this case." *Martinez II*, 207 F.3d at 139. Concluding that the departure was inappropriate, we remanded "for resentencing in light of [*Martinez II*]." 207 F.3d at 139. We did not suggest that the court consider any other basis for a departure; and with the rejection of the *Zecevic* departure, all issues in the case were resolved.

In sum, the remand in *Martinez I* was for the "narrow" purpose of permitting the district court to consider whether a departure was appropriate in light of *Zecevic*; the decision in *Martinez II* resolved that remaining narrow issue and did not purport to expand the case for remand following that resolution of the only open issue.

We have considered all of Martinez's contentions on this appeal and have found

them to be without merit. The judgment of the district court is affirmed.